1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   JACOB D. WOLF,                    ) Case No. CV 17-0726-JPR
                                       )
12                  Petitioner,        )
                                       )
13          v.                         ) MEMORANDUM DECISION AND ORDER
                                       ) GRANTING MOTION TO DISMISS AND
14   ROSEMARY NDOH, Warden,            ) DISMISSING ACTION WITH PREJUDICE
                                       )
15                  Respondent.        )
                                       )
16   _____ )

17                         **PROCEEDINGS**

18       On January 25, 2017, Petitioner constructively filed a

19   Petition for Writ of Habeas Corpus by a Person in State Custody.[1]

20   On May 3, Respondent moved to dismiss the Petition, arguing that

21   it is time barred.  On May 17, Petitioner filed opposition.

22   Respondent filed a reply on June 9.  On June 15, Petitioner filed

23   a request to amend his opposition, which the Court has read and

24   _____

25       [1] Under the "mailbox rule," a pro se prisoner's habeas
     petition is constructively filed when he gives it to prison
26   authorities for mailing to a court.  Hernandez v. Spearman, 764
     F.3d 1071, 1074 (9th Cir. 2014); see also Houston v. Lack, 487
27   U.S. 266, 276 (1988).  Here, Petitioner gave the Petition to
     prison officials on January 25, 2017.  (See Lodged Doc. 18 at 2-
28   3.)

                                  1

considered.

The parties consented to the jurisdiction of the undersigned U.S. Magistrate Judge under 28 U.S.C. § 636(c)(1). (See Pet'r's Consent to Proceed Before U.S. Magis. Judge at 1, Feb. 13, 2017; Resp't's Consent to Proceed Before U.S. Magis. Judge at 1, May 3, 2017.)

For the reasons discussed below, the Court denies the Petition as untimely and dismisses this action with prejudice.

**BACKGROUND**

Petitioner pleaded no contest in Los Angeles County Superior Court on December 12, 2014, to making criminal threats and stalking. (Pet. at 2; Lodged Doc. 1.)[2] He was sentenced to 12 years and four months in state prison. (Pet. at 2; Lodged Doc. 1 at 1.) He filed a motion for a certificate of probable cause in the superior court on December 22, 2014 (Lodged Doc. 5; Lodged Doc. 6 at 2-3), which was denied on January 7, 2015 (Lodged Doc. 6 at 1). Before that, he filed a notice of appeal on December 30, 2014. (Lodged Doc. 3.) The appeal was dismissed on April 29, 2015, because Petitioner had not obtained a certificate of probable cause, as required by Rule 8.304(b) of the California Rules of Court and Penal Code section 1237.5. (See Lodged Doc. 4 (order to show cause)); Cal. App. Cts. Case Info., http:// appellatecases.courtinfo.ca.gov/search/case/ dockets.cfm?dist=2&doc_id=2098497&doc_no=B261515 (last visited Nov. 13, 2017) (showing dismissal order filed).

---

[2] Throughout, the Court uses the pagination provided by its Case Management/Electronic Case Filing system.

On January 29, 2015, an attorney with the California Appellate Project, unaware of Petitioner's incomplete December 30 notice of appeal, filed a notice of appeal in the superior court on Petitioner's behalf. (See Lodged Doc. 9 at 28.) It was rejected as a "duplicate" on February 4, 2015. (See id. at 35-36.) On May 21, 2015, Petitioner filed another notice of appeal and request for certificate of probable cause in the superior court. (Lodged Doc. 7 at 4-11.) That court denied his request on June 2, 2015 (id. at 5, 11), and his notice of appeal was "not filed" on June 8 because it was "received after the expiration of the sixty (60) day period prescribed for filing a notice" (id. at 11). On May 22, 2015, he filed a letter in the superior court stating that he "need[ed] to withdraw [his] plea and get back into court." (Req. to Amend at 12-13.) The court of appeal construed the letter as a petition for writ of mandate and request for rehearing, denying both on July 1, 2015, for failure "to state facts sufficient to warrant relief" or "provide a record adequate for review." (Id. at 14.) On June 8, 2015, he filed a motion for relief from default for filing a late notice (id. at 1-2), which the court of appeal construed as a "petition for writ of late notice of appeal" and denied on August 31 (Lodged Doc. 8). On August 28, 2015, he filed a petition for a writ of mandate, which the court of appeal denied on September 28. (Lodged Doc. 13.)[3] On September 4, 2015, he filed through

---

[3] Though the court of appeal's denial of this petition was lodged with the Court (see Lodged Doc. 13), a copy of the petition itself was not. But as explained in Section II.B.2, it apparently was not a collateral attack on his conviction.

counsel a motion for reconsideration of his application for
relief from default (Lodged Doc. 9), which the appellate court
denied on September 8 (Lodged Doc. 10).

Petitioner constructively filed a habeas petition in the
state superior court on January 5, 2016, raising a single claim,
ineffective assistance of trial counsel.[4] (Lodged Doc. 11 at 3,
21.) He argued that his counsel was ineffective in two respects:
counsel failed to check certain boxes on his felony advisement of
rights, waiver, and plea form, and thus "[t]here is nothing . . .
that shows [he] waived any of his constitutional rights" (id. at
3-5); and counsel failed to "advise[ him] to accept [an] original
plea offer of 4 years or at least to finish his trial so as to
leave intact all of his appeal rights" (id. at 24).

On February 18, 2016, the superior court denied the petition
for "fail[ure] to state [a] claim upon which relief can be
granted." (Pet., pt. 3 at 28.) Petitioner constructively filed
a habeas petition in the court of appeal on April 5, 2016,
raising the same claim (Lodged Doc. 14; see Lodged Doc. 18 at 8);
the court summarily denied it on April 18 (Lodged Doc. 15). On
October 11, 2016, now represented by counsel, Petitioner filed a
habeas petition in the supreme court, adding more detail but
still basing his ineffective-assistance claim on the same
arguments and not raising any other claims. (See Lodged Doc.
16.) The state supreme court summarily denied the petition on

---

[4] Though the petition was file-stamped on January 7,
Petitioner gave it to prison officials on January 5. (See Lodged
Doc. 18 at 7.) The mailbox rule applies to state habeas
petitions. See Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th
Cir. 2003).

4

December 14, 2016.  (Lodged Doc. 17.)

Petitioner's federal Petition raises the same claim he raised in his state petitions.

**PETITIONER'S CLAIM**

Petitioner was deprived of the effective assistance of counsel during the plea process.  (Pet. at 4, 15-17.)

**DISCUSSION**

## I. Applicable Law

The Antiterrorism and Effective Death Penalty Act sets forth a one-year limitation period for filing a federal habeas petition and specifies that the period runs from the latest of the following dates:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

5

28 U.S.C. § 2244(d)(1).

AEDPA includes a statutory tolling provision that suspends the limitation period for the time during which a properly filed application for postconviction or other collateral review is pending in state court. § 2244(d)(2); see Waldrip v. Hall, 548 F.3d 729, 734 (9th Cir. 2008). An application is "pending" until it has achieved final resolution through the state's postconviction procedures. Carey v. Saffold, 536 U.S. 214, 220 (2002). In California, a state habeas petition remains pending between a lower court's denial of it and the filing of a habeas petition in a higher state court as long as that period is "reasonable." Evans v. Chavis, 546 U.S. 189, 191-92 (2006). Periods of up to 60 days are generally presumptively reasonable. Cf. id. at 201 (holding unexplained six-month delay unreasonable compared to "short[er] periods of time," such as 30 to 60 days, "that most States provide for filing an appeal to the state supreme court" (citation and alteration omitted)). Finally, the limitation period is not tolled between the time a decision becomes final on direct appeal and when a state collateral challenge is filed because no case is "pending" during that interval. Thorson v. Palmer, 479 F.3d 643, 646 (9th Cir. 2007). Likewise, the limitation period is not tolled between the time the last state habeas petition is denied and a federal habeas action is initiated. See id.

In addition to statutory tolling, federal habeas petitions are subject to equitable tolling of the one-year limitation period in appropriate cases. Holland v. Florida, 560 U.S. 631, 645 (2010). Determining whether equitable tolling is warranted

6

is a fact-specific inquiry.  <u>Frye v. Hickman</u>, 273 F.3d 1144, 1146

(9th Cir. 2001) (as amended).  The petitioner must show that he

has been pursuing his rights diligently and some extraordinary

circumstance stood in his way and prevented timely filing.

<u>Holland</u>, 560 U.S. at 649.  The Supreme Court has clarified that

"reasonable diligence" is required for equitable tolling, not

"maximum feasible diligence."  <u>Id.</u> at 653 (citation omitted).

As to the second prong of the inquiry, courts have

recognized several potentially extraordinary circumstances

justifying equitable tolling.  For instance, abandonment by an

attorney might constitute an extraordinary circumstance.  <u>See</u>

<u>Maples v. Thomas</u>, 565 U.S. 266, 282-83 (2012).  And a complete

lack of access to legal files may warrant equitable tolling.

<u>Ramirez v. Yates</u>, 571 F.3d 993, 998 (9th Cir. 2009).  "The

petitioner must show that the extraordinary circumstances were

the cause of his untimeliness."  <u>Porter v. Ollison</u>, 620 F.3d 952,

959 (9th Cir. 2010) (as amended) (citation omitted).

As to both statutory and equitable tolling, a petitioner

bears the burden of demonstrating that AEDPA's limitation period

was sufficiently tolled.  <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418

(2005) (equitable tolling); <u>Smith v. Duncan</u>, 297 F.3d 809, 814

(9th Cir. 2002) (as amended) (statutory tolling), <u>abrogation on</u>

<u>other grounds recognized by</u> <u>United States v. Davis</u>, 508 F. App'x

606, 610 (9th Cir. 2013).

**II.    The Limitation Period**

A.    <u>Date Petitioner's Convictions Became Final</u>

Petitioner was sentenced on December 12, 2014.  (<u>See</u> Lodged

Doc. 1.)  Because his attempts to withdraw or appeal his plea

7

failed, his conviction and sentence became final 60 days later, on February 10, 2015, when the time to appeal expired. See § 2244(d)(1)(A) (judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review"); Cal. R. Ct. 8.308(a) (notice of appeal must be filed within 60 days of judgment); see also Gonzalez v. Thaler, 565 U.S. 134, 137 (2012) ("[F]or a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires."); Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006) (noting that petitioner pleaded no contest, "did not appeal[, and] therefore, his conviction became final . . . 60 days after the judgment of conviction").[5]

The one-year limitation period therefore began to run on February 11, 2015. See Patterson v. Stewart, 251 F.3d 1243, 1245-46 (9th Cir. 2001) (holding that limitation period begins to

---

[5] Respondent contends that Petitioner's conviction became final on January 7, 2015, when the superior court denied his motion for a certificate of probable cause. (Mot. Dismiss at 3.) In support, she cites Covarrubias v. Grounds, No. CV 12-2562-CAS (SH), 2012 WL 6811790, at *3 (C.D. Cal. Oct. 31, 2012), accepted by 2013 WL 100158 (C.D. Cal. Jan. 3, 2013), and Goodo v. Ambroselli, No. CV 12-0314-MLG, 2012 WL 1377049, at *1 (C.D. Cal. Apr. 17, 2012). The facts of Goodo are distinguishable, however. There, the petitioner's request for a certificate of probable cause was not denied until after the 60-day period had expired, and the court used that later date when calculating when his conviction became final. See 2012 WL 1377049, at *1. Covarrubias relied on Goodo to hold that the petitioner's conviction became final when the certificate of probable cause was denied, before the 60-day period had expired, see 2012 WL 6811790, at *3, but this Court assumes that a petitioner is entitled to at least the 60-day period.

8

run on day following triggering event).[6] Thus, absent tolling of some kind, Petitioner had until February 10, 2016, to file his federal petition. Because the Petition was constructively filed on January 25, 2017, it was ostensibly more than 11 months late.

B. Statutory Tolling

1. State habeas petitions

Petitioner's first state habeas petition was pending in the superior court from January 5 (Lodged Doc. 11) to February 18, 2016 (Pet., pt. 3 at 28), and his second was pending in the state court of appeal from April 5 (Lodged Doc. 14) to April 18, 2016 (Lodged Doc. 15). Petitioner is entitled to statutory tolling for the time those state habeas petitions were pending, 59 days, and "gap tolling" for the 46 days between the denial of the first petition and the filing of the second, for a total of 105 days. See Evans, 546 U.S. at 191-92; see also Patterson, 251 F.3d at 1247 (limitation period resumes running day after state court denies habeas petition). Accounting for those days of tolling, the AEDPA deadline was extended to May 25, 2016.

Petitioner is not entitled to gap tolling for the time between the denial of his second state habeas petition, on April 18, 2016 (Lodged Doc. 15), and his filing of a third petition, on October 11, 2016, in the state supreme court (Lodged Doc. 16). First, the delay was substantial. That 175-day period greatly exceeds the 30 to 60 days the U.S. Supreme Court has identified as "reasonable" for gap tolling. See Evans, 546 U.S. at 201

---

[6] Petitioner does not contend that he is entitled to a later trigger date under § 2244(d)(1)(B), (C), or (D), and the record discloses no basis for applying any of those provisions.

9

(refusing to toll unexplained six-month gap); see also Velasquez
v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011) (91- and 81-day
unexplained gaps unreasonable); Chaffer v. Prosper, 592 F.3d
1046, 1048 (9th Cir. 2010) (per curiam) (115- and 101-day
unexplained gaps unreasonable).  Second, the justifications
Petitioner offers for the delay are inadequate.  He describes
extensive efforts to obtain representation and multiple delays in
withdrawing funds from his prison trust account to pay retained
counsel.  (See Opp'n at 6-7.)  There is no right to counsel,
however, when filing a habeas petition in a noncapital case.  See
Byrnes v. Kramer, 435 F. App'x 621, 622 (9th Cir. 2011) (citing
Miranda v. Castro, 292 F.3d 1063, 1067-68 (9th Cir. 2002)).
Thus, delay stemming from his attempts to retain counsel for
postconviction proceedings does not justify his late filing in
the state supreme court.  Compare id. (pro se status and
inability to access typewriter inadequate justification for
statutory gap tolling), with Lima v. Kramer, 327 F. App'x 716,
718 (9th Cir. 2009) (three and a half months of gap delay
justified by lack of access to legal files while in
administrative segregation), and Richardson v. Cate, No. C 09-
02227 WHA, 2010 WL 1486476, at *2-3 (N.D. Cal. Apr. 13, 2010)
(135-day gap delay justified partly because petitioner became
suicidal and was placed in mental-health ward and administrative
segregation); cf. also Haskins v. Schriro, No. CV 05-2352-PHX-MHM
(JM), 2009 WL 3241836, at *5 (D. Ariz. Sept. 30, 2009)
(attempting to retain counsel not extraordinary circumstance
warranting equitable tolling).

　　　　Third, Petitioner is not entitled to statutory tolling for

the time it took his counsel, once retained, to prepare his supreme-court petition. His supreme-court petition presented the same single claim and arguments as and was only marginally longer than his pro se petitions in the court of appeal and superior court. (<u>Compare</u> Lodged Docs. 11 <u>and</u> 14, <u>with</u> Lodged Doc. 16.) Thus, the revised petition does not justify statutory gap tolling. <u>Compare</u> <u>Maxwell v. Roe</u>, 628 F.3d 486, 496-97 (9th Cir. 2010) (time it took to go through voluminous records from new evidentiary hearing, conduct significant legal research, and rewrite petition, resulting in 160 pages, justified tolling), <u>and</u> <u>Richardson</u>, 2010 WL 1486476, at *2 (tolling justified partly because petition addressed new evidence and was almost three times as long as prior petition), <u>with</u> <u>Velasquez</u>, 639 F.3d at 968 (delay not excused when "each of [petitioner's] habeas petitions [was] nearly identical to the petition that came before it"); <u>see</u> <u>also</u> <u>Hodge v. Lewis</u>, No. CV 11-03237 CJC (SS), 2012 WL 7187679, at *7 (C.D. Cal. Dec. 20, 2012) (no gap tolling when subsequent petition was "largely identical" and did not present new arguments, and petitioner "did not need to conduct new and extensive research or investigate additional evidence to raise his . . . claim"), <u>accepted by</u> 2013 WL 655240 (C.D. Cal. Feb. 21, 2013).[7]

---

[7] Because the limitation period had already expired by the time Petitioner filed his supreme-court habeas petition, on October 11, 2016, he is not entitled to statutory tolling for the 65 days it was pending. <u>See</u> <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." (citing <u>Tinker v. Moore</u>, 255 F.3d 1331, 1333 (11th Cir. 2001))).

Finally, Petitioner complains of construction work lasting
from April through October 2016 that allegedly limited his access
to the law library. (<u>See</u> Opp'n at 6.)  As further discussed in
Section II.C, limited law-library access, absent a showing of how
that allegedly inadequate access prevented timely filing, does
not warrant tolling.  <u>See</u> <u>Bretado v. Woodford</u>, No. CV 07-4612-CAS
(AGR), 2008 WL 5099640, at *2-3 (C.D. Cal. Dec. 2, 2008) (noting
that petitioner's requests for access to law library did "not
establish that denial of access to the library <u>prevented</u> him from
filing a timely petition" (emphasis in original)).  Petitioner
has not made such a showing: he apparently retained counsel
during that period of alleged lack of access, and thus he
presumably was not actively preparing his own supreme-court
petition during much of that time.  (<u>See</u> Opp'n at 6-7 (stating
that he retained first habeas counsel on May 26, 2016).)
Moreover, Petitioner does not allege (much less offer evidence)
that the library was actually unavailable to him during that
period.  Rather, he contends simply that its hours were
curtailed.  That is not sufficient to justify gap tolling.  <u>See</u>
<u>Fuschak v. Swarthout</u>, 588 F. App'x 556, 556-57 (9th Cir. 2014)
(limited access to prison law library of two hours per week did
not justify delay between filing of petitions).

## 2.  Other collateral review

Petitioner contends in his request for leave to amend his
opposition that various filings he made in state court before his
habeas petitions entitle him to statutory tolling.  (<u>See, e.g.</u>,
Req. to Amend at 1-3.)  As explained below, they do not.

AEDPA's statutory-tolling provision suspends the limitation

period for the time during which a properly filed application for "other collateral review," not just a habeas petition, is pending in state court. § 2244(d)(2). "'[C]ollateral review' of a judgment or claim means a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process." Wall v. Kholi, 562 U.S. 545, 553 (2011). To warrant tolling, the application must be "properly filed," which occurs "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (emphasis omitted).

Between February 10, 2015, when his conviction became final, and January 5, 2016, when he filed his first habeas petition, Petitioner filed a notice of appeal (see Lodged Doc. 7 at 3-11); an application for relief from default, which was construed as a "petition for writ of late notice of appeal" (see Lodged Doc. 7 at 1-2; Lodged Doc. 8); a motion for reconsideration of his application for relief from default (see Lodged Docs. 9, 10); and two petitions for writs of mandate (see Lodged Doc. 13; Req. to Amend at 12-14). He also filed two notices of appeal before his conviction became final. (See Lodged Doc. 3 at 1-4; Lodged Doc. 9 at 28.) None of Petitioner's notices of appeal warrant tolling because they were not properly filed,[8] nor were they applications

_____

[8] Petitioner's December 30, 2014 notice of appeal was not properly filed because, without a certificate of probable cause, it did not comply with Rule 8.304(b) of the California Rules of Court and Penal Code section 1237.5. See Artuz, 531 U.S. at 8-9 (noting that noncompliance with filing requirements such as those "conditioning the taking of an appeal on the issuance of a 'certificate of appealability'" cause an application to not be properly filed). Though the superior court "mistakenly accepted"

13

for collateral review.[9] His "petition for writ of late notice of appeal" and motion for reconsideration do not warrant tolling because they sought to "reinstate the appeal" and thus are not "outside of the direct review process." See Wall, 562 U.S. at 553.

Petitioner's second petition for writ of mandate also does not statutorily toll the limitation period. Though a copy has not been lodged, a handwritten notation — presumably by Petitioner — beside the petition's appellate-court docket entry attached to his request to amend states that the filing "was for transcripts of Dec. 2, 2014 Dept I [Judge] Stuarts 4 year offer." (Req. to Amend at 17.) This request, then, was apparently not "an application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." § 2244(d)(2); see Nelson v. Sisto, No. C-11-0313 EMC (pr), 2012 WL 465443, at *5-6 (N.D. Cal. Feb. 13, 2012) (holding that petitioner's writ of mandate trying to obtain files from

_____

this "incomplete notice of appeal" for filing (See Lodged Doc. 9 at 10), the appeal was taken from a nonappealable judgment and its erroneous acceptance does not indicate proper filing. See Artuz, 531 U.S. at 9 (when "an application is erroneously accepted by the clerk of a court lacking jurisdiction . . . it will be pending, but not properly filed" (emphasis in original)). The notice of appeal counsel filed for Petitioner was rejected as a duplicate, and Petitioner's May 21, 2015 notice of appeal was received after the expiration of the applicable 60-day period and thus was not filed. (See Lodged Doc. 7 at 11.) Hence, none of Petitioner's notices of appeal were properly filed.

[9] Furthermore, two of the notices of appeal were filed before his conviction became final and thus do not warrant tolling for that reason as well. See Torlucci v. Evans, 364 F. App'x 338, 339 (9th Cir. 2010).

14

attorneys did not warrant statutory tolling (citing <u>Wall</u>, 562
U.S. at 553)); <u>see also</u> <u>Ramirez</u>, 571 F.3d at 999-1000 (no
statutory tolling for discovery motions because they did not
challenge conviction and instead sought material petitioner
claimed might be of help in later state proceedings).[10]

Petitioner's first petition for writ of mandate, however,
seems to have sought collateral review of his plea process.  (<u>See</u>
Req. to Amend at 12-13 (letter to court seeking in part to
"withdraw [his] plea" based on alleged ineffective assistance of
counsel, among other things).)  Because the petition apparently
called for "judicial reexamination" of his trial proceedings and
was "not part of the direct review process," it likely qualifies
as an "application for 'collateral review' that triggers AEDPA's
[statutory] tolling provision."  <u>Wall</u>, 562 U.S. at 555-56; <u>see</u>
§ 2244(d)(2).  Therefore, the Court assumes that Petitioner is
entitled to tolling for the 41 days it was pending in the court
of appeal, from May 22 to July 1, 2015.

Accounting for all applicable statutory tolling, the AEDPA
deadline was extended by 146 days, to July 5, 2016.  Absent
equitable tolling, the Petition is untimely because it was not
constructively filed until January 25, 2017, 204 days after the
limitation period had expired.

---

[10] Even if Petitioner did raise collateral-review claims in
his second petition for writ of mandate, the 32 days of
additional tolling it would warrant him would not make his
Petition timely.

1        C.    Equitable Tolling

2        Petitioner argues that he is entitled to equitable tolling

3   based on his lack of legal counsel and limited law-library

4   access.  (Opp'n at 1-7.)  Even if Petitioner acted diligently,

5   the Court cannot find that any extraordinary circumstances

6   prevented his timely filing.

7        As to his lack of counsel, he states that he was "abandoned

8   by [his trial counsel] and left on his own to file his own

9   appeal."  (Id. at 3.)  That occurred, however, before his

10  conviction became final and the limitation period began to run

11  and thus cannot support tolling.  See Torlucci v. Evans, 364 F.

12  App'x 338, 339 (9th Cir. 2010) (statute of limitations incapable

13  of being tolled before petitioner's conviction was final).

14  Petitioner was notified on June 1, 2015, that an attorney had

15  been appointed to assist him with his efforts to reverse his

16  guilty plea, only to learn on July 7 that the lawyer was

17  "informed by the court that he was not to act as petitioner's

18  attorney."  (Opp'n at 4.)  Petitioner states that he "contacted

19  over 19 attorneys and several lawyer referral services seeking

20  representation" and experienced delays in withdrawing funds to

21  pay the attorneys he ultimately retained to prepare his state

22  supreme-court habeas petition.  (Id. at 5-7.)

23       Petitioner is entitled to equitable tolling for the 37 days

24  during which he believed he was represented by court-appointed

25  counsel, as he cannot have been expected to work on his own

26  petition while under the impression he had counsel to do that for

27  him.  The court's appointing and withdrawing of counsel for

28  Petitioner was an "external force" contributing to his

                                16

untimeliness.  See Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) ("[A]n external force must cause the untimeliness, rather than . . . merely oversight, miscalculation or negligence on [the petitioner's] part." (second alteration in original) (citation omitted)); cf. Maples, 565 U.S. at 281-82 (attorney abandonment sufficient to establish extraordinary circumstances beyond petitioner's control).  Because the Court has already granted statutory tolling from May 22, 2015, when he filed his first petition for writ of mandate, to July 1, when that petition was denied, however, equitable tolling is available only for when those two periods did not overlap — from July 2 to 7, 2015.  See Valenzuela v. Small, No. CV 10-02428-DSF (DFM), 2015 WL 7971087, at *9 n.8 (C.D. Cal. Nov. 20, 2015) (noting that court cannot apply both types of tolling to same time period), accepted by 2015 WL 8022548 (C.D. Cal. Dec. 4, 2015), vacated on other grounds, 692 F. App'x 409 (9th Cir. 2017); Ammons v. Walker, No. CV 07-08136-AHM (JC), 2011 WL 844965, at *1 (C.D. Cal. Mar. 3, 2011) (refusing to "double count" requested period of equitable tolling because the court afforded statutory tolling for the period).  Petitioner is thus entitled to six days of equitable tolling, extending the deadline for him to file a federal petition to July 11, 2016.

His general attempts to obtain counsel do not entitle him to equitable tolling.  A petitioner's pro se status or unsuccessful search for counsel does not excuse the filing of an untimely petition.  Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting

17

equitable tolling."); see also Naff v. Kramer, No. CV 07-4417-PSG
(PLA), 2008 WL 821538, at *5 (C.D. Cal. Mar. 26, 2008)
(collecting cases).[11] This is particularly so here, when
Petitioner had already filed two petitions on his own before he
retained counsel, and his lawyer's petition was not much
different from the ones he had written. Clearly, Petitioner did
not need counsel to make his claims. See Haskins, 2009 WL
3241836, at *5. Nor is lack of funds "extraordinary," as it
applies to almost all prisoners. See, e.g., Pozo v. Hedgpeth,
No. CV 10-7847-PA (AGR), 2011 WL 3420437, at *4 (C.D. Cal. Mar.
10, 2011) ("Petitioner's contention that he could not afford to
hire a private investigator to find a witness . . . which relates
to his insufficiency of the evidence claim and his ineffective
assistance claim, does not entitle him to equitable tolling."),
accepted by 2011 WL 3418241 (C.D. Cal. Aug. 1, 2011).

Petitioner also claims that he is entitled to equitable
tolling because he lacked sufficient access to the prison law
library. (See Opp'n at 4, 6-7.) He alleges that "[b]etween
January 26, 2015 and August 6, 2015 [he] was granted access to
[the] law library 2 times for 45 minutes each time." (Id. at

---

[11] Furthermore, the prison's alleged refusal to timely
release funds to him to retain counsel (see Opp'n at 6-7) does
not constitute an extraordinary circumstance entitling him to
equitable tolling. Although delays caused by the prison trust
office have been recognized as extraordinary when the funds were
"required in order to file a federal habeas petition," see Grant
v. Swarthout, 862 F.3d 914, 917, 925-26 (9th Cir. 2017) (delay in
processing petitioner's request for prison account certificate,
which was necessary to file federal habeas petition in forma
pauperis, entitled him to equitable tolling), here Petitioner
requested his funds to pay counsel, which was not required for
filing.

4.)[12]  He also claims that from April through October 2016, remodeling work in the prison caused the law library to be "closed for 1-2 weeks at a time giving Petitioner little access." (Id. at 6.)  He further states that the law library had "no typewriters," had "outdated legal material," was "short librarians," and was "open 1-2 days per week at most and some weeks not open at all."  (Id.)

Nothing indicates that these were extraordinary circumstances preventing him from submitting a timely petition. See Frye, 273 F.3d at 1146 (lack of access to library materials does not automatically qualify as basis for equitable tolling, and court must conduct fact-specific inquiry); Chaffer, 592 F.3d at 1049 (rejecting petitioner's claim to equitable tolling based on "his pro se status, a prison library that was missing a handful of reporter volumes, and reliance on helpers who were transferred or too busy to attend to his petitions" because "these circumstances are hardly extraordinary given the vicissitudes of prison life"); Byrnes, 435 F. App'x at 622 (holding that "an inmate has no right to use of a typewriter" and inability to access one not extraordinary circumstance).  As an initial matter, and as previously discussed, Petitioner is not entitled to tolling of the 2016 period during which the law

---

[12] One of the requests to use the law library that Petitioner attached to his opposition indicates that he was given a form to fill out and submit to gain access to the library, "but it ha[d] not been returned" nine days later.  (Opp'n at 44.) Another document indicates that Petitioner "was ducated to the library on March 23, 2015 and refused to attend."  (Id. at 48.) Someone — apparently Petitioner — handwrote next to that, "called to medical that day" (id.), but no evidence exists of that.

19

library allegedly had limited hours because he was represented by counsel during most of that period. Similarly, he has already been granted tolling for some of the challenged period in 2015. As to the rest of the time in 2015, though he alleges instances of limited access to the library, he does not allege complete lack of access. "[N]ormal delays or restrictions on law library access . . . are not considered 'extraordinary' for purposes of establishing equitable tolling." Thao v. Ducart, __ F. App'x __, No. 15-17400, 2017 WL 3722837, at *1 (9th Cir. Aug. 29, 2017) (quoting Ramirez, 571 F.3d at 998).

Moreover, all of his "inmate requests to use law library" attached to his opposition are from 2015, when he was still attempting to withdraw his plea or challenge it on direct appeal. (See Opp'n at 39-52.) The record shows no 2016 requests to use the law library other than one May 25, 2016 complaint about the allegedly limited materials available (id. at 68), calling into question how the law library's curtailed availability could have prevented his timely federal habeas filing. See Scott v. Carey, 415 F. App'x 821, 822 (9th Cir. 2011) (no equitable tolling based on limited library access absent showing that it caused untimely filing of federal petition); Brown v. McDonald, No. CIV S-10-1720 LKK DAD P, 2012 WL 1574799, at *6 (E.D. Cal. May 3, 2012) (equitable tolling based on allegedly inadequate law library unwarranted when petitioner "failed to explain how the alleged [inadequacy] prevented him from filing a timely federal habeas petition" and collecting cases), accepted by No. CIV S-10-1720

LKK DAD P (E.D. Cal. July 9, 2012).[13]

Finally, even if the Court tolled the period in 2015 when he complains of limited library access — omitting the times before his convictions became final and for which he has already received tolling — his Petition would still have been more than two months late.[14]

Thus, Petitioner's remaining arguments do not satisfy his "heavy burden" for equitable tolling. See Chaffer, 592 F.3d at 1048. Accounting for all applicable equitable tolling, the AEDPA deadline was extended by six days, to July 11, 2016.

## III. Conclusion

For all these reasons, Petitioner has not demonstrated that he is entitled to tolling of the limitation period sufficient to render his January 25, 2017 Petition timely. In fact, it was

---

[13] Petitioner also complains that the "first time [he] had a chance to look at his case file was on August 25, 2015." (Opp'n at 5.) Although a petitioner's complete lack of access to his legal files can support equitable tolling, see Ramirez, 571 F.3d at 998, Petitioner did not request a copy of his case file from his trial counsel until August 4, 2015 (Opp'n at 5, 17-18), six months after his conviction became final. He received it on August 21 (id. at 5, 19), only three weeks later and with nearly a year left until his AEDPA limitation period expired. Even with equitable tolling for that three-week period, the Petition would still be six months late.

[14] Accounting for this additional tolling, the AEDPA deadline would be extended by 130 days, to November 18, 2016. The Court calculated this period by subtracting the 47 days of tolling Petitioner has already received in 2015 (representing 41 days of statutory tolling while his first writ of mandate was pending and six days of equitable tolling when he thought he was represented by appointed counsel) from the 177 days between February 10, 2015, when his conviction became final, and August 6, when he claims the alleged period of lack of access to the prison law library ended (see Opp'n at 4).

more than six months late.

**ORDER**

IT THEREFORE IS ORDERED that Judgment be entered granting Respondent's motion to dismiss and dismissing the Petition with prejudice.[15]


DATED: November 15, 2017

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE

---

[15] With this Order, Petitioner's Request for Expedited Treatment filed September 28, 2017, is moot.